[No. 18309.   Department Two.—September 13, 1894.]

## MRS. M. WILLIAMS ET AL., RESPONDENTS, v. JOHN M. WILLIAMS ET AL., APPELLANTS.

JUDGMENT—FINDINGS—MINING PARTNERSHIP—ACCOUNTING.—In an action by tenants in common of a mining claim against their cotenants for a partition of the claim and a settlement of the mining copartnership, a finding that each of the defendants is indebted, in a stated amount, to the partnership, will not support a judgment that each of the defendants is indebted to the plaintiffs in such amount, and decreeing its payment to them.

APPEAL from a judgment of the Superior Court of Nevada County.

The facts are stated in the opinion of the court.

*A. J. Ridge*, for Appellants.

*J. M. Walling*, for Respondents.

McFARLAND, J.—This is an action brought by five tenants in common of a mining claim against four other tenants in common in said claim, for a partition of the mining claim and the settlement of a mining copartnership. Judgment was rendered generally for plaintiffs, and defendants appeal from the judgment on the judgment-roll alone.

We do not see any thing necessary to be noticed in any of the points made by appellants except the last one, to wit, that the findings do not support the judg-

ment, because the former shows that each of the defendants is indebted in a stated amount to the *partnership,* while the judgment declares that each defendant is indebted to the *plaintiffs* in the said amount of money, and decrees that the said amount of money owing by each defendant to the partnership be paid to the plaintiffs. It is quite probable that the words " to the partnership" in the findings were placed there inadvertently; but we must take the record as we find it. Of course, a finding that certain copartners are each indebted in a stated amount to the copartnership does not warrant a judgment that the same amount be paid to the other partners. For this reason, the judgment must be reversed.

Respondents move to dismiss the appeal upon the ground that the judgment was satisfied before the appeal was taken; but the affidavit on file does not show that fact. The motion to dismiss is therefore denied.

The judgment is reversed.

FITZGERALD, J., and DE HAVEN, J., concurred.